Case 7:24-cv-00399   Document 22   Filed on 03/22/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RICARDO LIMAS, JR., § § Plaintiff, § § VS. § § AUTOZONE, INC., AUTOZONERS, LLC § and FERNANDO GAEL GONZALEZ, § § Defendants. § | Civil Case No. 7:24-CV-00399 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ricardo Limas, Jr. was working on a vehicle at an automotive repair shop when Fernando Gael Gonzalez, an employee of Defendants AutoZoners, LLC and AutoZone, Inc., drove a delivery truck into it. The impact caused the vehicle to fall off the jacks onto Limas, injuring him. Limas sued AutoZone in state court and AutoZone removed the case to federal court alleging diversity jurisdiction. Limas tried to amend his complaint to add Gonzalez as a nondiverse defendant. He now argues that the addition of Gonzalez defeats diversity jurisdiction.

Pending before the Court is Plaintiff Ricardo Limas Jr.'s Motion to Remand. (Dkt. No. 14). For the reasons below, the Court **DENIES** the Motion.

## I.  BACKGROUND

On July 17, 2024, Limas was at his repair shop working on the brakes and power-steering pump on a truck. (Dkt. No. 1-1 at 17). To complete the repairs, Limas elevated the truck using hydraulic jacks and removed the right-front tire. (*Id.* at 6, 17).

As Limas worked, he heard what sounded like a fast-approaching vehicle. (*Id.* at 18). This vehicle turned out to be a delivery truck owned by AutoZone. (*Id.*). The driver, an AutoZone employee named Fernando Gael Gonzalez, was delivering brake pads to Limas's shop. (*Id.*). Without warning, Gonzalez collided into the truck. (*Id.*). The force of the collision caused the truck to fall from its hydraulic jacks, trapping Limas underneath. (*Id.*).

Limas was fortunate to escape from under the truck, but not before sustaining significant injuries. (*Id.*). Consequently, on September 9, 2024, Limas sued AutoZone in state court, alleging negligence and gross negligence. (*Id.* at 3, 9–14). The next day, he amended his state-court petition. (*Id.* at 15–26).

AutoZone removed the case to federal court on diversity-jurisdiction grounds. (Dkt. No. 1). In response, Limas tried to amend his complaint once more, this time naming Gonzalez—a nondiverse party—as an additional defendant. (Dkt. No. 10). Limas now moves to remand the case to state court, arguing that his claims against Gonzalez defeat diversity jurisdiction. (*See* Dkt. Nos. 14 and 14-1).

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994), and may only hear cases that present a federal question or satisfy the requirements for diversity jurisdiction, *see* 28 U.S.C. §§ 1331, 1332. If a case originally filed in state court meets one of these two requirements for federal subject-matter jurisdiction, a party may remove it to federal

court. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

To determine whether federal subject-matter jurisdiction exists, courts examine the plaintiff's state-court petition as it stood at the time of removal. *Manguno*, 276 F.3d at 723. Therefore, a defendant may remove a case to federal court on diversity-jurisdiction grounds if, at the time of removal, (1) there is complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing that subject-matter jurisdiction exists, and that removal is proper. *Manguno*, 276 F.3d at 723. The removal statute is strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. *Id.*; *see also Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

### III. DISCUSSION

Here, no one disputes that removal was proper when AutoZone removed the case. Instead, Limas contends that the case should be remanded because he amended his complaint in federal court after removal and defeated diversity jurisdiction by adding Gonzalez as a nondiverse defendant. (Dkt. No. 14-1 at 2–5). Limas is wrong.

While "[a] party may amend its pleading once as a matter of course" within certain time limitations, Fed. R. Civ. P. 15(a)(1), "[t]he Fifth Circuit has long held that '[w]hen a case is removed[,] the federal court takes it as though everything done in the state court had in fact been done in the federal court,'" *Suarez v. GEO Grp., Inc.*, No. 5:15-CV-00083, 2015 WL 13121263, at *1 (S.D. Tex. May 18, 2015) (quoting *Savell v. S. Ry.*, 93 F.2d 377, 379

3

(5th Cir. 1937)).  That means that "[t]he pleadings as already filed stand as if they had been filed in federal court."  *Id.* (first quoting *Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985); and then citing 4 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1024 (3d ed.) [hereinafter Wright, Miller & Kane]).

Limas amended his petition in state court prior to removal.  (Dkt. No. 1-1 at 15–26).  As a result, he "exhausted [his] right to amend as a matter of course pursuant to Rule 15(a)(1)" and "can no longer rely on Rule 15(a)(1) to authorize any further amendments," *Villaverde v. Motores Electricos Sumergibles de Mex., S. de R.L. de C.V.*, No. 5:21-CV-00048, 2022 WL 22902584, at *2 (S.D. Tex. June 7, 2022); *see also Badaiki v. Schlumberger Holdings Corp.*, No. 4:20-CV-02216, 2021 WL 881271, at *2 (S.D. Tex. Feb. 2, 2021) ("A party that has already amended a pleading in state court has exhausted its one opportunity to amend as a matter of course under Rule 15(a)(1)."), *report and recommendation adopted*, 2021 WL 885551 (S.D. Tex. Mar. 9, 2021).

Limas was required to seek leave to amend his complaint.  *See* Fed. R. Civ. P. 15(a)(2).  He did not do so.  Even so, a "court may choose not to strike the pleading in the interests of judicial economy" when the plaintiff "fail[s] to comply with Rule 15(a)(2)'s requirement that he seek the court's leave or the defendants' consent before filing his amended complaint."  *Lee v. Wells Fargo Bank*, No. 4:11-CV-01334, 2012 WL 6132510, at *2 (S.D. Tex. Dec. 10, 2012) (citing *Telles v. Stanislaus County*, 2011 WL 643358, at *1 n.1 (E.D. Cal. Feb. 17, 2011)).  Courts typically do not strike an amended complaint when "leave to amend would have been granted had it been sought and when it does not appear that

4

any of the parties will be prejudiced by allowing the change." *Id.* (quoting 4 Wright, Miller & Kane, *supra*, § 1484).

Here, though, it is not clear that the Court would have granted leave to amend. Indeed, had Limas sought leave to amend, the Court would have had to examine multiple factors to determine whether to permit the addition of a nondiverse defendant. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). And without giving the Parties an opportunity to argue how those factors would (or would not) allow Limas's proposed addition of Gonzalez as a defendant, both sides would suffer prejudice.

Therefore, the Court will not construe Limas's most recent amendment as a motion for leave. Instead, Limas's amended complaint, (Dkt. No. 10), was improper and is stricken.

In sum, Limas's second attempt at amending his complaint was ineffective and does not impact this Court's diversity jurisdiction. Accordingly, remand is improper.

## IV.   CONCLUSION

For these reasons, the Court **STRIKES** Plaintiff's Second Amended Petition, (Dkt. No. 10), and **DENIES** Plaintiff Ricardo Limas Jr.'s Motion to Remand, (Dkt. No. 14).

It is SO ORDERED.

Signed on March 22, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**